EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
MICHAEL JORGENSON, State Bar No. 201145
Supervising Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5629
 Fax: (415) 703-5843
 Email: Michael.Jorgenson@doj.ca.gov

Attorneys for Defendants Tilton, Horel, and McLean

STEVEN FAMA, State Bar No. 99641
Prison Law Office
General Delivery
 San Quentin, CA 94964-0001
 Telephone: (415) 457-9144
 Fax: (415) 457-9151
 Email: sfama@prisonlaw.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEJANDRO MADRID, et al.,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JAMES TILTON, et al.,<br><br>　　　　　　　　　　　　Defendants. | C 90-3094 TEH<br><br>**STIPULATION AND [PROPOSED] ORDER RE STATEWIDE USE OF FORCE POLICY** |

The parties stipulate to the implementation of the attached document (Department Operations Manual Chapter 5, Article 1, Use of Force) as the statewide use-of-force policy for the California Department of Corrections and Rehabilitation's (CDCR) Division of Adult institutions. The parties further stipulate and request that the Court order that the attached document be implemented to govern the Division of Adult Institution's procedures pertaining to

the use-of-force, as set forth in Cal. Code Regs., tit. 15, § 3268[1/] and replace the current use-of-force policy at Pelican Bay State Prison (Pelican Bay).

In support of this stipulation, the parties briefly report to the Court the processes that resulted in the creation of the attached statewide use-of-force policy.

## PROCEDURAL HISTORY

On July 12, 2000, this Court ceased monitoring Defendants' use-of-force policies following a report and recommendation by the Special Master. In that Order the Court determined that the proposed use-of-force policy revisions did not conflict with the Court's orders, adequately addressed the operational problems associated with earlier remedial plans, and adequately addressed any constitutional issues related to use-of-force regarding Pelican Bay State Prison's use-of-force policy.

Counsel for CDCR forwarded to Special Master John Hagar a proposed statewide use-of-force policy on December 17, 2007. On January 10, 2008, the Special Master asked the parties to meet with Court Experts Michael Gennaco and Dr. Pat Maher to ensure that any statewide use-of-force policy would be consistent with the current use-of-force policy at Pelican Bay, which was part of the Court-Ordered remedial plan. The mission was to achieve uniformity throughout the state prison system while maintaining the features of the current Pelican Bay policy that adequately address constitutional issues related to use-of-force.

The parties and other interested stakeholders began meeting in earnest to achieve these goals on January 25, 2008. That meeting was chaired by Court Experts Michael Gennaco, Stephen Connolly, and Dr. Pat Maher, and attendees included counsel for the parties, representatives of the CDCR, the CDCR's Office of Internal Affairs, the Governor's Office and the Office of Inspector General's Bureau of Independent Review. At the first meeting, the parties identified differences between the draft statewide policy and the current Pelican Bay use-of-force policies. The parties assessed these differences in terms of their significance, their practical implications,

---

1. The parties recognize that Section 52100.17.6, Health Care Staff Use of Force-Reporting Requirements, contains a provision in the last paragraph that will require approval of the Receiver and Court in the *Plata* litigation and await any further instruction regarding the appropriate mechanism for achieving that approval process.

Stip. and [Proposed] Order re CDCR Use of Force Policy                          *Madrid v. Tilton*
                                                                                 C 90-3094 TEH

and possible approaches for their reconciliation.

The parties then worked extensively to achieve a mutually acceptable statewide use-of-force plan. Along with considerable work by individual subcommittees and regular correspondence between the parties, subsequent meetings were held on February 4 and 20, 2008. At the February 20, 2008 meeting, representatives from Pelican Bay attended and offered their insight and comments regarding the development of the statewide policy through their specific practical experiences at Pelican Bay. During both of those meetings, the parties and interested stakeholders made progress toward consensus.

On March 3, 2008, a conference call was held among the parties and stakeholders, and all remaining issues regarding the statewide use-of-force policy were resolved. The Court experts then reviewed the final policy and concurred that the final statewide use-of-force policy met constitutional standards. The Court experts further concluded that the statewide policy achieves the goal of uniformity, while preserving Pelican Bay concepts and applying them statewide.

## CONCLUSION

The working group developed a use-of-force policy for all adult institutions statewide as provided in the attached document. The parties stipulate that the attached statewide use-of-force policy adequately addresses constitutional issues related to use-of-force and that it shall upon formal adoption and implementation by Defendants replace the *Madrid* use-of-force policy at

//
//

Pelican Bay. Defendants shall file and serve a written notice of adoption and implementation of the attached statewide use-of-force policy within ten (10) calendar days of the date of that action.

Dated: May 12, 2008

Michael Jorgenson
Attorney for Defendants Tilton, Horel, and McLean

Dated: May 8, 2008

Steve Fama
Attorney for Plaintiffs

IT IS SO ORDERED.

Dated: 05/13/08

Thelton E. Henderson
U.S. District Judge