United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO MADRID, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>JAMES TILTON, et al.,<br><br>　　　　　　　Defendants. | NO. C90-3094 TEH<br><br>CLASS ACTION<br><br>ORDER RE SPECIAL MASTER'S REPORT AND RECOMMENDATION TO CEASE HEALTH SERVICES MONITORING AT PELICAN BAY STATE PRISON |

　　　　The Court is in receipt of the Special Master's Report and Recommendation to Cease Monitoring Health Services at Pelican Bay State Prison ("PBSP"), filed May 6, 2008.

　　　　The Special Master reports on the four remaining elements of the health services remedial plan that required focused monitoring: (1) problems with follow-up and patient management; (2) physician quality;   (3) physician, psychiatric technician, medical technical assistant and recreational therapist staffing; and (4) Department of Mental Health services. Specifically, the Special Master concludes that these four areas involve systemic problems that are actively being addressed on a statewide basis in *Plata v. Schwarzenegger*, United States District Court for the Northern District of California Case No. C-01-TEH, and *Coleman v. Schwarzenegger*, United States District Court for the Eastern District of California Case No. C-S-90-020 LKK, and that although monitoring and remedial action remain necessary, the needs of the Plaintiff class will be better served by allowing that action

to go forward as part of the *Plata* and *Coleman* statewide class actions, rather than in the context of *Madrid*.

No party has filed objections to the Special Master's report and recommendation.[1] The Court finds that it is amply documented and well reasoned.

The fact that Pelican Bay State Prison has progressed so far that its remaining problems are best resolved on a statewide basis speaks volumes about the hard work, good faith, diligence, creativity, and commitment of the clinicians, correctional staff, and management of PBSP. Together with other CDCR officials, Plaintiffs, and the Special Master and his staff, they have radically improved medical and mental health care services at PBSP over the past thirteen years. As the Special Master's report notes, because PBSP has become an institution "ahead of the curve" in many aspects of care delivery, it is likely to be a prime candidate for testing the efficacy of programs designed to solve the lingering problems with the CDCR's medical and mental health care system statewide.

In light of all of the above, and good cause appearing, it is HEREBY ORDERED as follows:

1. The Court adopts the Special Master's Report and Recommendations in full.

2. The Special Master in *Madrid* shall cease all monitoring of the mental health delivery system at PBSP. Because Pelican Bay is a prison subject to the jurisdiction of the *Coleman* Court, monitoring of PBSP through the *Coleman* case will proceed as usual.

3. Defendants shall work with the Special Master and the Court experts in *Coleman* to address two issues:

    A. Ensuring that PBSP develops and implements one set of policies and procedures consistent with the *Coleman* remedial plan requirements.

---

[1] Defendants filed Comments to the Report and Recommendation, reiterating their earlier request that the Court find the constitutional violations identified in this Court's January 10, 1995 Order have been remedied in full, end its jurisdiction, and close the case. The Court is not prepared to do so in the context of this Order, and will await the Special Master's Report and Recommendation on use of force (which should be forthcoming shortly now that the Court has approved the parties' stipulation approving a CDCR statewide use-of-force policy) to address the issue further.

1    B.    Determining the best course of action concerning two mental health
2 "pilot projects" operational at PBSP: (1) the administrative segregation mental health
3 intervention pilot projects; and (2) the Chief of Mental Health management project (*See*
4 Order re: Special Master's Report Concerning Reorganization of Pelican Bay State Prison
5 Health Services Management Structure, filed April 19, 2006).

6    4.    Within ten calendar days of the date of this Order, counsel for the parties in
7 *Madrid* should meet and confer with counsel in *Plata* and file with the Court a stipulated
8 order which includes Pelican Bay State Prison, and the prison class at Pelican Bay, in the
9 *Plata* class action.

10    5.    Upon the filing of the stipulated order described in ¶ 4 above, the medical and
11 mental health orders concerning the *Madrid* remedial plan shall terminate.

12    6.    Contingent upon the filing of the stipulated order described in ¶ 4 above, the
13 Special Master shall cease monitoring and medical and mental health delivery system at
14 PBSP.  Medical and mental health monitoring, and allegations of violations of Federal Court
15 orders at PBSP, shall be handled pursuant to the procedures established in the *Coleman* and
16 *Plata* class actions.

17    7.    Contingent upon the filing of the stipulated order described in ¶ 4 above,
18 Defendants shall cease production of all document disclosures required by *Madrid* remedial
19 orders relative to the monitoring of the *Madrid* medical and mental health programs.
20 Counsel for the parties shall meet and confer and provide to the Special Master in *Coleman*
21 and the Court and/or Receiver in *Plata* stipulations for PBSP health care related document
22 disclosures that are consistent with the remedial plan requirements of *Coleman* and *Plata*.
23 Likewise, counsel for the parties and health care officials at PBSP shall meet to ensure that
24 periodic discussion between counsel and PBSP clinical staff concerning individual
25 //
26 //
27 //
28 //

prisoner/patient concerns continue pursuant to *Plata* requirements.

**IT IS SO ORDERED.**

Dated:   May 23, 2008

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT