IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEJANDRO MADRID, et al.,

                Plaintiffs,

v.

MATTHEW CATE, et al.,

                Defendants.

NO. C 90-3094 TEH

ORDER TERMINATING FORCE-RELATED ORDERS AND DISMISSING CASE

        This class action lawsuit was filed in 1990 to challenge the constitutionality of a broad range of conditions and practices at Pelican Bay State Prison. In an order dated January 10, 1995, the Court concluded that the California Department of Corrections ("CDC")[1] had "failed to provide inmates at Pelican Bay with constitutionally adequate medical and mental health care," and had "permitted and condoned a pattern of using excessive force, all in conscious disregard of the serious harm that these practices inflict." *Madrid v. Gomez*, 889 F. Supp. 1146, 1279 (N.D. Cal. 1995). The Court ordered that the parties develop a remedial plan to address the constitutional violations and appointed a Special Master to assist in the formulation and execution of a remedy. The Court ordered that it would "retain jurisdiction over this action until such time as the Court is satisfied that all constitutional violations found herein have been fully and effectively remedied." *Id.* at 1283. The case then entered a lengthy remedial phase, in which the Special Master monitored Pelican Bay's provision of medical and mental health care, as well as its supervision of and investigation into the use of force.

        Some use-of-force monitoring was terminated by orders dated July 12, 2000, and

---

[1] CDC was reorganized in 2005 and renamed the California Department of Corrections and Rehabilitation ("CDCR").

July 10, 2002. The Court has ordered that monitoring of medical and mental health services cease in the *Madrid* context but continue as part of the *Plata v. Brown*, No. C01-1351 TEH (N.D. Cal.), and *Coleman v. Brown*, No. CIV S-90-0520 LKK JFM P (E.D. Cal.), statewide class actions. The final phase of *Madrid* is the monitoring of CDCR's investigations and disciplinary process. As the Court has stated, "effective investigation and discipline systems" are considered "the final cornerstone of Defendants' use-of-force remedy." Order 3, Nov. 16, 2006, ECF No. 2011. The Special Master recommended an end to such monitoring and the termination of the remaining *Madrid* use-of-force orders in his October 16, 2008 report. At that time, Plaintiffs did not object to the cessation of monitoring. However, they argued that orders related to the use of force should not be terminated because Defendants had yet to file notice that they had implemented a statewide use-of-force policy – notice mandated by this Court on May 14, 2008. On August 30, 2010, Defendants notified the Court that the statewide use-of-force policy had been adopted and implemented. In a document filed on January 21, 2011, Plaintiffs stated that they do not oppose termination of force-related orders and dismissal of this case.

At a hearing on March 3, 2011, the Court heard from the parties, the Office of the Inspector General ("OIG"), and Court Expert Michael Gennaco regarding the effectiveness of the remedies in this case and whether current conditions are likely to give way to constitutional violations should the Court withdraw its oversight. CDCR pointed out that it has operated since 2008 without active court monitoring, and that CDCR leadership intends to keep the *Madrid* reforms in place. CDCR stated its commitment to working with OIG's Bureau of Independent Review ("BIR"), which oversees CDCR's personnel investigations and discipline. It also represented to the Court that CDCR has contracted with Mr. Gennaco to provide code-of-silence training to correctional officer cadets. CDCR pledged to continue that training.

At the hearing and in papers filed with the Court, Plaintiffs and OIG expressed concern about the sustainability of the *Madrid* reforms. Plaintiffs stated that BIR oversight is critical to maintaining the progress made during the long history of this case and expressed

2

concern about Defendants' commitment to BIR oversight. However, they acknowledged that the conditions at Pelican Bay do not currently violate the constitution.

This Court, too, is concerned about a reversion to the unconstitutional practices that once existed at Pelican Bay. The Court is proud of the work done during the life of this case. Pelican Bay was once a place where prison officials used force "for the very purpose of inflicting punishment and pain." *Madrid*, 889 F. Supp. at 1200. BIR's oversight of prison personnel investigations and discipline helped change these conditions. The Court hopes that CDCR will honor its commitment to continue working with BIR, and that it will oppose any effort to dismantle BIR's oversight. But the Court cannot retain jurisdiction to see that this is done. Accordingly, all use-of-force orders in this case are terminated. The Court ends its jurisdiction over this case, which is DISMISSED WITH PREJUDICE. The Court is confident that should the *Madrid* protocols be abandoned and conditions at Pelican Bay devolve to unconstitutional levels, counsel will come forward to challenge those conditions and relate a new lawsuit to this case.

The parties agree that Defendants shall pay Plaintiffs' counsel $5,429.45 as the final amount of attorneys fees and costs for their work in this action.

The balance of monies being held for this case in the Court Registry Investment System, plus any accrued interest, shall be returned to CDCR. The returned funds are to be made payable to California Department of Corrections and Rehabilitation. They are to be sent to Attention: Accounting Services, P.O. Box 187019, Sacramento, California, 95818-7019.

**IT IS SO ORDERED.**

Dated: 3/21/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT